Dear Judge Bigelow:
Please be advised that the following opinion is responsive to an inquiry made by your predecessor, Judge Johnson, regarding the amount of time within which criminal evidence must be preserved following case closure. The relevant statutes are discussed below.
La. R.S. 15:32 (Money)
Under this provision, money placed into evidence within the Clerk of Court's custody must be disposed of by the district attorney or the district court "within five years after final disposition of the case." If such disposition does not occur before the expiration of the five-year window, the Clerk of Court "shall remit all of such funds to the governing authority of the parish to be placed to the credit of the general fund of the parish." It should be noted that although the statute does not explicitly define "final disposition of the case", this term is generally construed to mean disposition through guilty plea or direct appeal, rather than post-conviction proceedings.
La. R.S. 15:41 (Seized property)
This is a general law applicable to situations wherein a specific statute does not apply, and to property "which is not to be used as evidence or is no longer needed as evidence." Under subsection B (1) seized property "shall be returned to the owner: unless it is contraband in which case "the court shall order the property destroyed if the court determines that its destruction is in the public interest." If the court determines that contraband property should not be destroyed or if the owner of non-contraband does not claim it "within six months after its seizure", the court *Page 2 
shall order "a nonjudicial public sale or auction" if the court finds that such a sale would probably produce a bid greater than the costs of the sale itself. All proceeds must be used "exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system." If the court believes that the cost of a public sale would exceed the highest bid, "the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate."
Notwithstanding any contrary law, an "official criminalistics laboratory: may destroy drugs or paraphernalia in its possession five years after the date of seizure without a court order provided that the district attorney is given notice thirty days prior to destruction. R.S. 15:41 D.
La. R.S. 46:1845 (child pomography/video voyeurism evidence)
Under subsection E of this statute, the district attorney can motion the court to destroy "evidence tending to prove child pornography, video voyeurism, or involuntary obscenity." However, no indication is given as to the proper time for raising this motion and no "final disposition" language is included within.
La. R.S. 14:90.1 (Gambling evidence)
After a gambling conviction, the court shall order the destruction of "evidence, property, and paraphernalia seized as instruments of such . . . when it is no longer needed as evidence" unless such evidence or property has "a value for lawful purposes: in which case it shall be sold at public auction.
La. C.Cr.P. Article 891 (Weapons)
This law provides for the forfeiture of guns or dangerous weapons which were used in the commission of a felony. Generally, "[d]iscretion as to the disposition of crime-related contraband which is a firearm or dangerous weapon shall rest with the court."
Unfortunately, our laws regarding evidence and property disposition amount to a patchwork rather than an all-inclusive edict. While R.S. 15:41 states that the owner of non-contraband must apply for its return "within six months after its seizure", its provisions only apply to property "not to be used as evidence or . . . no longer needed as evidence." Likewise, R.S. 15:32 seem to indicate that the district attorney or the court may move for forfeiture of money within five years after "final disposition." As a practical matter and in the absence of any law to the contrary, the best course would probably be to preserve non-moneyevidence until *Page 3 
a defendant's post-conviction prescriptive time has run or, if post-conviction proceedings have been initiated, until these proceedings are resolved.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 By: _________________________________ HARREL "BUTCH" WILSON Assistant Attorney General